Submitted on briefs January 6, affirmed February 8, rehearing denied March 1, 1927.

# S. L. SCROGGIN *v.* J. G. BECKETT, TRUSTEE, ET AL.

### (252 Pac. 948.)

**Judgment—Foreclosure of Mortgage Against Bankrupt Partners and Their Trustee was not Barred by Failure of Assignees of Mortgage to Counterclaim for Foreclosure in Trustee's Cancellation Suit in Federal Court (New Federal Equity Rules 1912, Rule 30).**

1. Assignee of notes and mortgage was not barred from foreclosing in suit against bankrupt partners, who executed mortgage, and their trustee, by failure to assert counterclaim for foreclosure in suits by trustee against assignee in United States District Court, in which bill for cancellation of mortgage was dismissed, as suit for foreclosure was in nature of independent suit in equity, not required to be asserted as counterclaim by New Federal Equity Rules 1912, Rule 30, requiring assertion only of counterclaims arising out of transaction.

**Bankruptcy—State Court had Jurisdiction of Suit to Foreclose Mortgage Against Bankrupt Partners by Virtue of Federal Court's Consent and Appearance of Trustee.**

2. In suit to foreclose mortgage, brought against bankrupt mortgagors, who were partners, and their trustee, state court could proceed to final judgment where jurisdiction was by federal court's consent and where trustee appeared.

**Removal of Causes—Right of Removal to Federal Court is Waived by Submission to State Court's Jurisdiction.**

3. Defendant who submits himself to jurisdiction of state court waives right of removal to United States court, special appearance being necessary on demand for removal.

**Judgment—Federal Court Judgment, Denying Cancellation of Mortgage to Mortgagors' Trustee in Bankruptcy, Held Binding on Trustee in Subsequent Foreclosure Suit (Or. L., § 756).**

4. In suit by assignee to foreclose mortgagee against bankrupt partners and their trustee, decree of federal court dismissing trustee's bill for cancellation of mortgage was conclusive as between trustee and assignees of mortgage, who were parties to federal court suit, in view of Section 756, Or. L., making effect of judgment of United States court conclusive between parties and their representatives and successors in interest.

---

Bankruptcy, 7 C. J., p. 33, n. 97.
Judgments, 34 C. J., p. 1161, n. 65.
Mortgages, 27 Cyc., p. 1572, n. 33.
Removal of Causes, 34 Cyc., p. 1218, n. 32.

3. Waiver of right to remove cause, see 23 R. C. L. 615.

From Yamhill: W. M. RAMSEY, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. H. S. McCutchan.*

For respondent there was a brief over the name of *Mr. W. O. Sims.*

BURNETT, C. J.—This is a suit in foreclosure by the assignee of some notes and mortgages securing the same. It includes as defendants not only the original makers of the notes and mortgages but likewise the trustee in bankruptcy of those makers. Of the defendants charged, C. H. Houser and U. J. Henderson were partners comprising the firm of Henderson and Houser, engaged in the automobile business at Sheridan. They borrowed money from the First National Bank of Sheridan in the amount of $27,500.00 and with their wives gave mortgages, one on realty in that vicinity and the other a chattel mortgage on the stock of goods and machinery in the establishment they were conducting at the time. There were four notes, all payable on demand, two dated July 2, 1920, one for $7,000 and the other for $3,000; and the two others dated October 14, 1920, for $14,500 and $3,000, respectively. The chattel mortgage contained a provision to the effect that in default of payment of the notes, the mortgagee would have a right to seize the personalty and sell it at a public or private sale, applying the proceeds upon the notes secured. These notes and securities were given to the First National Bank at their inception and afterwards sold and indorsed to the present plaintiff. On May 16, 1924, the plaintiff took possession of the chattels and sold them at private sale to

one Embrey for $13,000, crediting the amount to the extinction of the two notes dated July 2, 1920. This suit is to foreclose the real estate mortgage on the realty for the balance of the indebtedness.

Soon after the seizure and sale of the chattels, the firm of Henderson and Houser went into bankruptcy and the defendant Beckett was elected the trustee of their estate. He commenced a suit in the United States District Court for the District of Oregon against the present plaintiff Scroggin, the First National Bank of Sheridan and Robert Embrey, who claims to have brought the chattels from Scroggin, but the original mortgagors were not made parties to that suit. In that proceeding, the trustee attacked the securities and sought to cancel them on the grounds, among other things, that they were executed and acknowledged in the presence of Scroggin, acting as notary public, although at the time he was the owner of all the stock of the bank except a few shares to qualify directors and was practically taking the acknowledgment of his own mortgages. Also, the trustee urged that the mortgagors were allowed to remain in possession of the chattels and to sell them in the ordinary course of trade and likewise that the notes had been paid. In that suit the defendants answered and after a regular hearing before the United States District Court, the plaintiff's bill was dismissed. In the present suit brought by permission of the United States court in the Circuit Court for Yamhill County, the referee alone appears and makes the same attack upon the notes and mortgages that he did in the United States court, and in addition thereto contends that under the rules promulgated by the United States Supreme Court for equity practice in the various inferior courts of the United States, it was the imperative duty of the

present plaintiff to set up as a counterclaim in that suit his notes and mortgages and to demand foreclosure of them in that proceeding and that not having done so, he is concluded by the judgment in that court and barred in the state court from attempting to foreclose his mortgages.

The rule principally relied upon by the defendant is Rule 30 of the New Federal Equity Rules of 1912, promulgated by the Supreme Court of the United States, which follows:

"The defendant by his answer shall set out in short and simple terms his defense to each claim asserted in the bill, omitting mere statements of evidence and avoiding general denials, but specifically admitting denying or explaining the facts upon which the plaintiff relies, unless he is without knowledge, in which event he shall so state, and this shall be treated as a denial. Averments other than those of value or amount of damage, when not denied, shall be deemed confessed, except as against an infant, lunatic or other person *non compos* and not under guardianship, but the answer may be amended, by leave of the court or judge, upon reasonable notice, so as to put any averment in issue, when justice requires it. The answer may state as many defenses, in the alternative, regardless of consistency, as the defendant deems essential to his defense.

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final decree in the same suit on both the original and the cross-claims.

"When in the determination of a counterclaim complete relief cannot be granted without the pres-

ence of parties other than those to the bill, the court shall order them to be brought in as defendants if they are subject to its jurisdiction.''

Commenting on this rule in *Moore* v. *New York Cotton Exchange,* 270 U. S. 593 (45 A. L. R. 1370, 70 L. Ed. 750, 46 Sup. Ct. Rep. 367, 371), Mr. Justice Sutherland, speaking for the court, said:

''Two classes of counterclaims thus are provided for: (a) One 'rising out of the transaction which is the subject matter of the suit,' which must be pleaded; and (b) another 'which might be the subject of an independent suit in equity' and which may be brought forward at the option of the defendant.''

In Black on Bankruptcy, Section 950, it is said:

''A mortgage creditor has the right to institute proceedings in the court of bankruptcy to enforce his lien and to reach other assets. But proceedings of this kind are generally taken in the state courts, and a mortgagee who files his claim as a secured claim in the bankruptcy proceedings, but does not have his right to foreclose the mortgage adjudicated in the federal court is not thereby barred or estopped from suing in the state court. And it is a general rule that the jurisdiction of a state court over a pending foreclosure suit is not divested by the adjudication of the mortgagor in bankruptcy, and if the mortgage was given more than four months before the filing of the petition in bankruptcy, and its validity is not assailed on any other ground under the bankruptcy law, the state court may proceed to foreclosure and sale, and the mortgagee should not be stayed by injunction from either the court of bankruptcy or the state court. In such a case, the trustee in bankruptcy is a proper party to the suit in the state court, where he must appear and assert his rights, and he should apply for leave to intervene, or he may be directed by the bankruptcy court so to apply.''

1. It is believed that the foreclosure of the mortgages which the trustee essayed to destroy in the suit in the United States court is one which might be the subject of an independent suit in equity, the institution of which would be optional with the owner of the securities. At any rate it does not seem to be logically sound to say that although the plaintiff in that suit failed to establish his contention and his bill attacking the mortgages was dismissed with costs, such judgment has the effect to destroy otherwise the very mortgages upon which the attack failed.

2–4. Having leave from the United States court to sue in the state court to foreclose the mortgage in the instant suit, the latter tribunal has a right to proceed at least in the absence of any petition for the removal of the cause to the federal courts. That step is, of course, out of the question now, because the defendant trustee has appeared and submitted himself to the jurisdiction of the state court. If removal had been desired it should have been demanded at the very outset upon a special appearance made for the purpose. If in any way a defendant submits himself to the jurisdiction of the state court he waives the right to removal. Thus, by consent of the federal court jurisdiction of this suit was rightfully entertained by the Circuit Court of the State of Oregon for Yamhill County. As to the effect of the decree of the United States court to which reference has been made, the state court is governed by Section 756, Or. L., reading thus:

"The effect of a judgment, decree, or final order in an action, suit, or proceeding before a court or judge thereof of this state or of the United States, having jurisdiction, to pronounce the same, is as follows:

"1. In case of a judgment, decree, or order against a specific thing, or in respect to the probate of a will or the administration of the estate of a deceased person, or in respect to the personal, political, or legal condition or relation of a particular person, the judgment, decree, or order is conclusive upon the title to the thing, the will or administration, or the condition or relation of the person;

"2. In other cases, the judgment, decree, or order is, in respect to the matter directly determined, conclusive between the parties and their representatives and successors in interest by title subsequent to the commencement of the action, suit, or proceeding, litigating for the same thing, under the same title, and in the same capacity."

In the instant case, the Circuit Court heard the testimony, there being no defense upon the part of the makers of the notes and mortgages and found against the trustee on all the issues, with the exception that it was determined that sufficient credit had not been given by $1,000 on the proceeds of the sale of the chattels; in other words, that the property included in the chattel mortgage sold as it was at a private sale was sold too cheaply by $1,000. With that exception the decree was for the plaintiff according to the prayer of his complaint.

Something was said about some of the property having been sold by the chattel mortgagors and the proceeds directed to be applied upon the indebtedness here in question but that it was not so applied by the plaintiff here, with the contention that it should be here credited and the claim of the plaintiff reduced by so much. The testimony is vague and uncertain on that subject and, moreover, when the matter is analyzed it appears that the property was sold on credit and a note given for the purchase price but there is no showing that the note was paid or

that it was taken or intended to be a payment upon the note or one of them in dispute here.

On the whole case there is no error apparent in the record and the decree is affirmed.    AFFIRMED.